JOHN T. LeNOIR's CASE.  December 19, 1969.  The insurer appeals from a final decree awarding partial disability compensation to the employee based on the difference between his agreed average wage as an unskilled worker and his agreed average weekly earning capacity as a calibrator of pumps, a highly skilled occupation.  The board found on sufficient evidence that in 1962, after approximately seventeen years of service, the employee suffered a severe and disabling dermatitis of the hands caused by the use of a different kind of calibrating oil furnished by the employer.  Compensation was awarded for ten months.  The employee resumed work, using the oil which earlier had proved harmless, until 1966, when the different kind of oil was reintroduced by the employer resulting in "a flare-up of severe dermatitis," and the reclassification and assignment of the employee as an unskilled laborer.  The insurer concedes that at the hearing on the present claim it agreed that the employee was allergic to the different calibrating oil.  The agreement, in context, dispensed with the need of medical opinion testimony to show that the dermatitis arose out of and in the course of his employment.

*Decree affirmed.*
*Costs of appeal to be determined*
*by the single justice.*

*William J. McCarthy, Jr.,* for the insurer.
*Gerard L. Pellegrini* for the employee.


PHYLLIS VOGEL & another *vs.* ALDEA PLASSE & another.  December 22, 1969. In this action of tort for personal injuries and consequential damages the jury returned verdicts for the plaintiffs.  The defendants excepted to the denial of their motions for directed verdicts and for entry of verdicts in their favor on leave reserved.  The plaintiffs were tenants at will in a two family house owned by the defendants.  The female plaintiff was allegedly injured while descending the back stairway.  The sole issue before us is whether the defendants were in control of the stairway where the fall occurred.  A detailed recital of the evidence would serve no useful purpose.  From a careful examination of the evidence we are of opinion that with the evidence taken in the light most favorable to the plaintiffs the jury were warranted in finding that the defendants were in control of the stairway.  *Nash* v. *Webber*, 204 Mass. 419, 425.

*Exceptions overruled.*

*James P. Rooney* for the defendants.
*Louis Kerlinsky* for the plaintiffs.